## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| ERIK D. BLISS ENTERPRISES, INC., an Ohio corporation, individually, and as the representatives of a class of similarly-situated persons, | Civil Action No.: 1:16-cv-339 |
| Plaintiff, | Judge: |
| v. | **CLASS ACTION COMPLAINT** |
| PRE-PAID LEGAL SERVICES, INC., THOMAS J. REILLY, and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Erik D. Bliss Enterprises, Inc. ("Bliss Chiropractic" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Bliss Chiropractic or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Pre-Paid Legal Services, Inc. ("PPLSI"), Thomas J. Reilly, and John Does 1-10:

### PRELIMINARY STATEMENT

1. This case involves the sending of unsolicited advertisements via facsimile.

2. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3. PPLSI and/or Thomas Reilly sent an unsolicited advertisement to Bliss

Chiropractic on or about January of 2014 ("the Pre-Paid Legal Fax Ad").  A copy of the Pre-Paid Legal Fax Ad is attached hereto as Exhibit A.  The Pre-Paid Legal Fax Ad promotes the commercial availability and/or quality of PPLSI's goods and/or services.

4. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself.  A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. Based on information, belief, and the appearance of the Pre-Paid Legal Fax Ad itself, PPLSI and/or Thomas Reilly also sent the Pre-Paid Legal Fax Ad to numerous other persons via their respective fax machines.  PPLSI and/or Thomas Reilly will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6. The claims of Bliss Chiropractic and the other recipients of the Pre-Paid Legal Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining PPLSI, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages, and (iii) treble damages.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

8. This Court has personal jurisdiction over PPLSI and Mr. Reilly because PPLSI and Mr. Reilly transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

9. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

10. Bliss Chiropractic is an Ohio corporation, and it operates a chiropractic clinic located at 7687 Beechmont Avenue in Cincinnati, Ohio.

11. Pre-Paid Legal Services, Inc. is an Oklahoma corporation, and its principal place of business is located at One Pre-Paid Way in Ada, Oklahoma.

12. Pre-Paid Legal Services, Inc. promotes and sells a subscription service under the trade name "Legal Shield" that purports to provide access to lawyers and legal services for a monthly fee.

13. Pre-Paid Legal Services obtains subscribers of "Legal Shield" plans mainly via multi-level marketing program. Under this program, Pre-Paid Legal Services contracts with "associates" who then promote and advertise "Legal Shield" plans on behalf of Pre-Paid Legal Services.

14. Thomas Reilly is an associate of PPSLI and created, maintains, or is otherwise responsible for the website www.protectandcover.com. The Pre-Paid Legal Fax Ad directs person to the website www.protectandcover.com, which promotes "Legal Shield" plans and

3

encourages persons to contact Mr. Reilly for further information. The address from which Mr. Reilly conducts this business is 1751 SW 188th Street in Newberry, Florida 32669.

15. John Does 1-10 assisted PPLSI in its facsimile advertising activities by providing a list of fax numbers, transmitting the Pre-Paid Legal Fax Ad, providing advice or assistance on the content of the Pre-Paid Legal Fax Ad, *etc.* The identity of the John Doe defendants is not presently known but will be identified through discovery.

## FACTS

16. PPLSI and/or Thomas Reilly sent material to Bliss Chiropractic via its office facsimile machine that promoted the commercial availability or quality of PPLSI's goods or services in or around January of 2014.

17. PPLSI and/or Thomas Reilly did not seek or obtain permission from Bliss Chiropractic to send ads to Bliss Chiropractic's facsimile machine prior to doing so.

18. Although the Pre-Paid Legal Fax Ad contained an opt-out notice, it did not comply with the requirements of the JFPA.

19. Based on information, belief, and the appearance of the Pre-Paid Legal Fax Ad itself, PPLSI and/or Thomas Reilly sent the Pre-Paid Legal Fax Ad to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

20. In accordance with Fed. R. Civ. Pro 23, Bliss Chiropractic brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the Pre-Paid Legal Fax Ad or similar material (3) via facsimile (4) by or on behalf of PPLSI or Thomas Reilly (5) that lacked a compliant opt-out notice." This class of persons constitutes the putative class members. Bliss Chiropractic may amend the class

4

definition after discovery identifies potential class members, additional facsimile advertisements, and/or the specific contours of the class.

21. <u>Numerosity</u>: Advertisements are typically sent to hundreds if not thousands of persons. Based on information, belief, and the appearance of the Pre-Paid Legal Fax Ad itself, the Pre-Paid Legal Fax Ad was sent to more than forty persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

22. <u>Commonality</u>: Common questions of law and fact apply to the claims of the putative class members. These include the following:

> (a) Whether the Pre-Paid Legal Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;
>
> (b) How PPLSI and/or Thomas Reilly compiled or obtained the list of fax numbers to which the Pre-Paid Legal Fax Ad was sent;
>
> (c) Whether PPLSI and/or Thomas Reilly violated the JFPA and the regulations promulgated thereunder with regard to the Pre-Paid Legal Fax Ad; and
>
> (d) Whether PPLSI and/or Thomas Reilly sent the Pre-Paid Legal Fax Ad intentionally, knowingly, or willfully.

23. <u>Typicality</u>: Bliss Chiropractic's claims are typical of the claims of the putative class members. Bliss Chiropractic is asserting the same claim under the same federal statute as the other members of the putative class. Bliss Chiropractic is also seeking the same relief for itself and the other members of the putative class.

24. <u>Adequacy</u>: Bliss Chiropractic will fairly and adequately represent the interests of the putative class members. Bliss Chiropractic has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

25. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a) Bliss Chiropractic's claim involves the same facts and legal issues as that of the putative class members;

    (b) the evidence supporting PPLSI's likely defenses will come solely from PPLSI's own records and will not require any information or inquiries from individual class members;

    (c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

    (d) the identity of the putative class members can be readily ascertained from PPLSI or its agents' computer records, phone records, or other business records.

26. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b) the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

    (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

    (d) the evidence concerning each of the putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA

27. Under the JFPA, it is "unlawful for any person to . . . use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1)(C).

28. Under the JFPA, "the term "unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

29. PPLSI sent the Pre-Paid Legal Fax Ad to the facsimile machines of Bliss Chiropractic and numerous other persons.

30. The Pre-Paid Legal Fax Ad promotes the commercial availability and/or quality of the goods and/or services of PPLSI and/or Thomas Reilly.

31. Neither PPLSI nor Thomas Reilly obtained prior express invitation or permission from Bliss Chiropractic before sending the Pre-Paid Legal Fax Ad to Bliss Chiropractic's fax machine.

32. Based on information and belief, PPLSI and/or Thomas Reilly have sent other unsolicited advertisements to Bliss Chiropractic and other persons via facsimile in violation of the JFPA.

33. PPLSI and/or Thomas Reilly's conduct has caused Bliss Chiropractic and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Bliss Chiropractic P.A., Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant PPLSI North American, LLC and John Does 1-10 as follows:

(1) that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Bliss Chiropractic as the representative of the class, and appoint Bliss Chiropractic's counsel as counsel for the class;

(2) that the Court award actual or statutory damages to Bliss Chiropractic and the other members of the class for each violation of the JFPA by PPSLI and/or Thomas Reilly;

(3) that the Court enjoin PPLSI and/or Thomas Reilly from additional violations of the JFPA; and

(4) that the Court award Bliss Chiropractic pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

>Respectfully submitted,
>
>BLISS CHIROPRACTIC P.A., INC., individually and as the representative of a class of similarly-situated persons,
>
>*/s/ Matthew E. Stubbs*
>GEORGE D. JONSON (0027124)
>MATTHEW E. STUBBS (0066722)
>MONTGOMERY, RENNIE & JONSON
>36 E. Seventh Street, Suite 2100
>Cincinnati, Ohio  45202
>(513) 241-4722
>(513) 241-8775 (fax)
>Email:  gjonson@mrjlaw.com
>            mstubbs@mrjlaw.com
>
>*Counsel for Bliss Chiropractic P.A., Inc.*